HERBERT LUCE *vs.* WALTER G. DAVIS, et als.

Piscataquis County. Decided December 22, 1916. Motion by defendant to set aside verdict. Plaintiff on November first, 1910, contracted to plant, cultivate, gather and deliver sweet corn in a suitable condition for canning at the defendant's factory during the following season. Delivery was to be made at any time when the defendants ordered. Defendants agreed to take the corn in such condition and pay an agreed price therefor. It is not in dispute that during the season of 1911, while corn was being gathered and delivered by the plaintiff, and others having similar contracts with the defendants, an unusually heavy frost occurred in the region of the plaintiff's farm and, indeed, over quite a portion of the State.

Defendants refused to accept and pay for a part of plaintiff's corn because, as they claimed, it had been rendered unsuitable for canning by the frost. The contention between the parties centers about this issue. The plaintiff claimed that by reason of the high altitude of his farm, and other favorable conditions, his corn was not frosted to such an extent as to render any part of it unsuitable for canning. Two men who helped pick the corn testified that in their opinion the corn had not been injured by the frost. A neighbor who passed plaintiff's farm frequently testified that the location of this land was favorable to an escape from the effect of frost, and further said that he observed the corn after the frost and saw no indication of damage. Another neighbor, whose farm was nearly opposite that of the plaintiff's, also testified similarly.

On the other hand the defendant's field man declared that the corn which was refused had been frost bitten, that the husks were white, and that it was unfit for packing. The foreman of defendant's factory, a man of nearly forty-eight years' experience, testified that the ears of corn were wilted and withered, and that the corn was bitter and unfit for canning. A neighbor of the plainift, whose farm was separated from that of the latter only by a driveway, said the leaves on the stocks were quite white and he thought the corn had been hit some by the frost. A man who worked for the last witness described the weather conditions as "more than frost, it was a freeze," that ice was formed in a tub from a third to a half inch in thickness and that the ground was frozen quite hard. He also stated that the corn which he picked for his employer, after the frost, "was froze quite hard," and that the plaintiff's land and the land of his employer where on practically the same level and only just across the road. A grocer who examined the corn after the frost, found it white and frost bitten. A man who picked some of the plaintiff's corn after the frost said that it looked as though the field had been struck by frost and that while some of the corn was greener than others yet all was practically white on the outside.

A more detailed and extended analysis of the testimony might be made but after a careful study of all the evidence we are satisfied that either because of sympathy for the plaintiff, or for some

other reason, the jury did not fully and impartially weigh the testimony in the case, that consequently the verdict was manifestly wrong and should not be allowed to stand. Motion granted. New trial ordered. *L. B. Waldron,* for plaintiff. *Bradley & Linnell, and W. E. Parsons,* for defendant.